UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ORLANDO ANTONIO LENNON,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civ. No. 16-4483 (KM)

OPINION

---

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Orlando Antonio Lennon, was an immigration detainee at the time he filed his *pro se* habeas petition pursuant to 28 U.S.C. § 2241. The petition challenges Mr. Lennon's immigration detention. For the following reasons, the habeas petition will be denied as moot.

## II. BACKGROUND

Mr. Lennon is a citizen and native of Jamaica. According to his habeas petition, Mr. Lennon entered the United States in 2008. In 2013, he was convicted of possession of a firearm. He states that he was placed into immigration detention in August, 2014.

Mr. Lennon filed this habeas petition in July, 2016. He requests his release from immigration detention immediately on reasonable bond.

On August 4, 2016, this Court ordered the respondent to answer the habeas petition within thirty days. On August 11, 2016, this Court received a letter from respondent arguing that the habeas petition should be dismissed as moot. Respondent states that petitioner was released from United States Immigration and Customs Enforcement ("ICE") detention after his

applications for waivers pursuant to sections 212(h)[1] and 212(i)[2] of the Immigration and Nationality Act were granted by an Immigration Judge ("IJ") on July 15, 2016. A review of ICE's online detainee locator indicates that Mr. Lennon is no longer in their custody. *See https://locator.ice.gov/odls/searchByAlienNumber.do* (last visited August 24, 2016).

### III.   DISCUSSION

Mr. Lennon seeks release from immigration detention due to the length of time he has been detained. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code, which permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. There can come a point

---

[1] Section 212(h) permits a waiver of inadmissibility based on a conviction for a crime involving moral turpitude in the case of an alien who demonstrates that his removal from the United States would result in extreme hardship to his United States citizen or lawful resident spouse, parent or child of the alien. *See* 8 U.S.C. § 1182(h)(1)(B).

[2] Section 212(i) permits a waiver of inadmissibility of an alien who by fraud or willful misrepresentation of a material fact, seeks to procure, has sought to procure or has procured a visa, other documentation, or admission into the United States or other benefit provided under the Immigration and Nationality Act. *See* 8 U.S.C. § 1182(i). The waiver of inadmissibility is permitted:

> in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien or, in the case of a VAWA self-petitioner, the alien demonstrates extreme hardship to the alien or the alien's United States citizen, lawful permanent resident, or qualified alien parent or child.

8 U.S.C. § 1182(i).

when the period of pre-removal detention is excessive, and may be challenged on that basis. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011). In *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) the Third Circuit gave strong indications that after six months of detention, and certainly within a year, the burden to the petitioner's liberties may outweigh the government's interest in detaining the petitioner without a further bond hearing.

I agree with respondent in this case that any claim Mr. Lennon might assert is now moot. He has been granted the relief he asked for; specifically, his release from immigration detention. The respondent has attached the IJ's decision which granted Mr. Lennon's application for waivers of his inadmissibility and granted his request for an adjustment of status. Furthermore, respondent has represented to this Court, and ICE's online detainee locator confirms that Mr. Lennon is no longer in ICE custody. Accordingly, as the habeas petition sought his release from immigration detention, it is now moot because Mr. Lennon "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (per curiam) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citations omitted).

### IV.  CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED: August 24, 2016

KEVIN MCNULTY
United States District Judge